[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff, as the named insured on an automobile policy issued by the defendant, brought the instant action seeking money damages.
Paragraph 21 of his Amended Complaint summarizes his claim. It provides that he is entitled to money damages because defendant abandoned, neglected and by use of deception, evaded its responsibilities to him. In paragraph 22 he sets out his claim for relief as follows:
 ". . . plaintiff requests that the court institutes monetary damages against the Defendants to compensate the Plaintiff for all the unnecessary problems and inconveniences their actions have caused the Plaintiff, make the Defendants repair the Plaintiff's car, make the Defendants pay the Plaintiff for all additional expenses which their mutual inspection was supposed to cover but did not, make the Defendants pay the Plaintiff for any expenses which they were supposed to pay but refused to pay, make the Defendants refund all the car rental payments refused to pay."
In response, defendant alleges that all money due and owing plaintiff under the insurance policy has been paid.
After a bench trial, at which the court heard two witnesses, namely, the plaintiff who testified in his own behalf, and the defendant's Property Field Supervisor, Scott Johnston, who testified for the defendant, the court finds the following facts.
On January 26, 1993, plaintiff's 1977 Bonneville automobile was stolen. At the time, he maintained an auto insurance policy with the defendant. On February 13, 1993, the vehicle was recovered. In response to plaintiff's claims, a representative of the defendant, one Rick Spranzo, on March 1, 1993, inspected the car and appraised damages at $400.15. This sum represented the cost of labor as determined from industry standard labor manuals and the cost, taken from the manufacturer's price lists, of needed parts to repair or replace the following: the hood ornament, the glove box, antenna mast, the door cylinder locks, the trunk locks with new keys, repair of wiring for radio/tape player and a $45.00 allowance for diagnosis of a noise emminanating from the engine compartment of this front engine, rear wheel drive automobile.
During or about the third week of March, plaintiff began driving the Bonneville again, without having had the noise CT Page 9418 problem diagnosed. Plaintiff continued driving the car for approximately six months. Then, during the second week of September, while driving on I-84 in New Britain, a rear axle broke. At the time, the car was 16 years old and the odometer indicated 112,000 miles.
Nevertheless, plaintiff contends that had defendant initially allocated sufficient funds to have had the noise problem diagnosed and repaired and had defendant properly followed it up, the incident would not have happened.
During November 1993, in response to plaintiff's continued complaints, defendant's Scott Johnston, a field supervisor with ten years experience in the position, inspected plaintiff's vehicle and issued to him a check for $76.85. This sum represented the balance due for a total loss settlement. Johnston totaled the vehicle because the cost of repair exceeded its fair market value. However, rather than use its actual value, which would have meant less money for plaintiff, Johnston used defendant's standard of $500.00 which is the standard value used for a basic transportation when it exceeds the vehicles fair market value. From the $500.00 Johnston deducted the amount earlier paid by the defendant, so that it was not paying for the same damage twice, the vehicle's salvage value and sales tax and issued plaintiff a check for the balance. In all, plaintiff was paid $300.15 for the first appraisal, $76.85 for the second and $909.15 for his rental vehicle.
Certainly, it is a truism that the parameters of plaintiff's claim are set by the allegation of his complaint. He can neither claim nor recover for something that is not pleaded. Consequently, claims made and raised for the first time in plaintiff's post trial brief avail him of naught and are not considered herein.
Further, as plaintiff is aware, he has the burden of proving the material allegations of his complaint by a fair preponderance of the evidence. The defendant need disprove nothing. Although the defendant does have a similar burden of proof with regard to its special defense.
Plaintiff claims, inter alia, the defendant failed to respond to his many inquiries and telephone calls; that through its agent it failed to keep appointments; failed to follow up; failed to provide plaintiff with a sense of security by refusing to allow funds for the acquisition of new ignition keys; failed to provide CT Page 9419 him sufficient funds to repair his vehicle; failed to allocate sufficient funds to pay for a diagnosis of the noise problem so that the damaged or defective axle could have been discovered and replaced long before it broke and caused considerable emotional distress and other complications.
Plaintiff claims that defendant has breached its duty while defendant contends that it handled plaintiff's claim properly in accordance with the policy and that it has no duty to follow up as argued by plaintiff.
Interestingly the insurance policy in question from which, in the first instance, the claimed rights, obligations and duties of the parties arise, was never offered into evidence.
In any event plaintiff claims in each instance that defendant's allocation of funds were insufficient and made quate. He has however, failed to present any credible testimony indicating same. Further, he has produced no testimony, other than his own, that the noise coming from the engine compartment bore any causal relationship to the axle breaking. The anonymous written statement, on a bill dated March 9, 1993, and submitted by the plaintiff, indicating that the "noise was attributed to theft" is unconvincing.
In all, plaintiff has failed to prove by a fair preponderance of the evidence, the material allegations of his claims against the defendant. Consequently, the court finds that defendant owes plaintiff nothing.
Judgment may enter for the defendant.
WEST, J.